## Philadelphia School District, to use, v. Nardizzi et al.

*Byron, Longbottom, Pape & O'Brien,* for petitioner.

*D. L. German, Jr.,* contra.

MARTIN, P. J., Oct. 22, 1928.—The defendant, Quirino Nardizzi, entered into a contract with the School District of Philadelphia to erect walls and fences and do grading in the school yard of the Germantown High School for the sum of $9200. He executed a bond with the National Surety Company of New York as surety in the penal sum of $4000, conditioned that if the contractor paid or caused to be paid all persons all money due for labor or material supplied in or about the work, and complied with the provisions of the School Code, the obligation would be void; otherwise, in full force.

Nardizzi contracted debts for work and material furnished by thirty-five different persons, whose claims amount to $11.679.34. The Rock Hill Quarry instituted suit against Nardizzi and the National Surety Company to recover $2834.38 for stone supplied to the contractor and used in the work. The surety company filed an affidavit of defense raising questions of law, and subsequently presented a petition praying leave to pay the amount of the bond, less counsel fee and costs, into court, upon such payment to be discharged from further liability.

Answers were filed on behalf of Rock Hill Quarry and the Truscon Steel Company, a creditor of Nardizzi, for material supplied to the contract.

The Rock Hill Quarry denied that there were any sub-contractors, materialmen and laborers entitled to *pro rata* payment under the bond "to the same extent as the plaintiff," and averred that, upon payment of the full amount of the penal bond, the liability of the surety company would cease.

The answer of the Truscon Steel Company admitted that there were sub-contractors, materialmen and laborers making claims against the bond, but denied that any right accrued to them until suit had been started against the defendant, according to the terms of the bond, and admitted that others than sub-contractors, materialmen and laborers have claims pending for materials furnished and labor done in connection with the contract.

The questions of law raised by the affidavit filed by the National Surety Company present no legal ground of defense. The surety company should be permitted to pay the amount of the bond into court, and, upon the payment of the full amount of the bond into court, should be relieved from further litigation. The money should be distributed *pro rata* by an auditor to the parties entitled to receive it. The creditors of Nardizzi, the contractor, should not be barred from presenting their claims against him. He should be credited with the amount each creditor collects from the fund paid into court by the surety company.

And now, to wit, Oct. 22, 1928, the prayer of the petition of the National Surety Company of New York to pay into court the sum of $4600, less counsel fee and costs, is allowed, without prejudice to the rights of the creditors of Quirino Nardizzi to prosecute any and all claims which they may have against him.

The prayer of the petition that an interpleader be ordered between Bernard McCabe and Thomas McCabe, copartners, trading as Rock Hill Quarry, and the Truscon Steel Company is refused, and the affidavit of defense raising questions of law is not sustained.